ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MANOR CONTRACTORS, CORP.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE HUMACAO<br><br>Recurrido | KLRA202500215<br><br><br><br><br>consolidado con | *Revisión Judicial* procedente de la Junta de Subastas del Municipio Autónomo de Humacao<br><br>Subasta Número: 24-25-37<br><br>Sobre: Adjudicación de Subasta |
| ROTANN GROUP, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE HUMACAO<br><br>Recurrido | KLRA202500219<br><br><br><br><br>consolidado con | *Revisión Judicial* procedente de la Junta de Subastas del Municipio Autónomo de Humacao<br><br>Subasta Número: 24-25-37<br><br>Sobre: Adjudicación de Subasta |
| MANOR CONTRACTORS, CORP.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE HUMACAO<br><br>Recurrido | KLRA202500265 | *Revisión Judicial* procedente de la Junta de Subastas del Municipio Autónomo de Humacao<br><br>Subasta Número: 24-25-37<br><br>Sobre: Adjudicación de Subasta |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparecen, de manera respectiva, Manor Contractors, Corp. ("Manor Contractors") y Rotann Group, LLC ("Rotann Group") (en conjunto, "Recurrentes"), mediante recursos de revisión judicial clasificados alfanuméricamente como **KLRA202500215** y

**KLRA202500219**. Las partes recurrentes nos solicitan que revoquemos la adjudicación de la Subasta Núm. 24-25-37, notificada el 3 de abril de 2025, por la Junta de Subastas del Municipio Autónomo de Humacao ("Junta de Subastas" o "Recurrida").

A su vez, comparece Manor Contractors mediante recurso de revisión judicial, clasificado alfanuméricamente como **KLRA202500265**. Manor Contractors nos solicita que revoquemos una segunda notificación de adjudicación, emitida por la Junta de Subastas, el 28 de abril de 2025, en la Subasta Núm. 24-25-37, la cual dejó sin efecto la notificación dictada el 3 de abril de 2025.

Por los fundamentos que expondremos a continuación, se *desestiman* los recursos clasificados alfanuméricamente como **KLRA202500215** y **KLRA202500219**, por falta de jurisdicción, por académicos. Así dispuesto, se deja sin efecto la consolidación del recurso clasificado alfanuméricamente como **KLRA202500265**, para disposición una vez perfeccionado.

**I.**

El 18 de marzo de 2025, la Junta de Subastas publicó el Aviso de Subasta 24-25-37, para la repavimentación de calles y caminos comunales en la Urbanización Quintas de Candelero Arriba, ubicada en el Municipio de Humacao. En aras de competir en la referida subasta, los siguiente seis (6) licitadores presentaron propuestas: Rotann Group, LLC; Manor Contractors, Corp.; Bella Sofia Contractors, Inc.; TS Site and Asphalt Group, LLC; Puerto Rico Asphalt, LLC; y A&M Solutions, LLC.

Luego de completar los procesos evaluativos, el 2 de abril de 2025, la Junta de Subasta determinó adjudicar la subasta a favor de Puerto Rico Asphalt, LLC ("Puerto Rico Asphalt"), notificada el 3 de abril de 2025. La Junta de Subastas desglosó las propuestas presentadas de la siguiente manera:

1. Puerto Rico Asphalt, LLC        $449,049.53
2. A&M Solutions, LLC        $522,700.85
3. Manor Contractors, Corp.        $387,139.15

| 4. Bella Sofía Contractors, Inc. | $399,685.00 |
| 5. Rotan Group, LLC | $280,616.38 |
| 6. TS Site and Asphalt Group, LLC | $415,727.75[1] |

Inconforme, el 11 de abril de 2025, Manor Contractors acudió ante nos mediante *Recurso de Revisión Judicial,* clasificado alfanuméricamente como **KLRA202500215**. Manor Contractors le imputó a la Junta de Subastas la comisión de los siguientes errores:

> **Erró la Junta de Subastas al adjudicar la buena pro de la Subasta Núm. 24-2[5]-37 a Puerto Rico Asphalt, LLC., a pesar de que este fue el segundo postor más caro, cuando Manor Contractors cumplió con todos los requisitos del pliego a un precio considerablemente más bajo.**

> **Erró la Junta de Subastas al adjudicar la buena pro de la Subasta Núm. 24-2[5]-37 a Puerto Rico Asphalt, LLC., sin llevar a cabo un análisis exhaustivo y/o no exponer las razones y los motivos que justifican tal concesión.**

Por otra parte, el 14 de abril de 2025, Rotann Group presentó ante esta Curia su *Recurso de Revisión Administrativa,* clasificado alfanuméricamente como **KLRA202500219**. Rotann Group realizó los siguientes señalamientos de error:

> **Erró y abusó de su discreción la Honorable Junta de Subastas al no adjudicar la Subasta Núm. 24-25-37 a favor de Rotann Group LLC a pesar de haber sido el licitador responsivo y más bajo.**

> **Erró y abusó de su discreción la Honorable Junta de Subastas al adjudicar la Subasta Núm. 24-25-37 a favor de un postor que no fue el postor más bajo sin haber hecho una determinación sobre el beneficio del interés público.**

El 29 de abril de 2025, la Junta de Subastas presentó su *Alegato en Oposición a Revisión de Acto Administrativo y Solicitud de Desestimación,* en los recursos **KLRA202500215** y **KLRA202500219**. La parte recurrida reconoció que la notificación era contraria a derecho, debido a que no expuso cómo la adjudicación de la subasta, a favor de Puerto Rico Asphalt, beneficiaba el interés público. Como corolario, arguyó que, procedía la desestimación del recurso de epígrafe, ya que se proponía a enmendar la determinación recurrida, lo cual tornaría académica la revisión judicial.

---

[1] Apéndice la parte recurrente en el KLRA202500215, pág. 1.

Consecuentemente, el 7 de mayo de 2025, Manor Contractors instó un nuevo recurso de revisión judicial, clasificado alfanuméricamente como **KLRA202500265**. Manor Contractors expuso que su más reciente comparecencia respondía al hecho de que el 28 de abril de 2025, la Junta de Subastas había emitido una segunda notificación de adjudicación, a los efectos de intentar exponer las razones por las cuales adjudicó la subasta a favor de Puerto Rico Asphalt, LLC. Insatisfecha aún con la segunda notificación, Manor Contractors señaló los mismos errores esgrimidos en el recurso **KLRA202500215**.

En atención a que están estrechamente relacionados y en aras de salvaguardar la economía procesal, el 13 de mayo de 2025, ordenamos la consolidación los recursos **KLRA202500215**, **KLRA202500219** y **KLRA202500265**. Examinado el expediente, a la luz del derecho aplicable, nos encontramos en posición de resolver los recursos **KLRA202500215** y **KLRA202500219**.

## II.

## -A-

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210 DPR 384, 394 (2022); *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.*

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Íd.*; *SLG Szendrey-Ramos v. F.*

*Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

El principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR,* 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia,* 108 DPR 715, 720 (1980); *ELA v. Aguayo,* 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo, supra,* págs. 558-59.

En ese contexto, un asunto no es justiciable cuando: (1) se trata de resolver una cuestión política; (2) una de las partes carece de legitimación activa para promover un pleito; (3) **después de comenzado el litigio, hechos posteriores lo tornan en académico**; (4) las partes pretenden obtener una opinión consultiva; o (5) cuando se pretende promover un pleito que no está maduro. (Énfasis suplido). *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932 (2011); *Crespo v. Cintrón,* 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra,* pág. 584.

Como se observa, una instancia en la que un caso no es justiciable se suscita cuando la controversia se torna académica. *Íd.* En esencia, se sostiene que un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe; (2) una determinación de un derecho, antes de que haya sido reclamado; y (3) una sentencia sobre un asunto que al dictarse no podrá tener efectos prácticos sobre una controversia existente. *Íd., San Gerónimo Caribe Project v. ARPe,* 174 DPR 640, 652 (2008). Es decir que, una controversia puede

convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *UPR v. Laborde Torres*, 180 DPR 253, 280 (2010).

No obstante, nuestro más Alto Foro ha reconocido excepciones a la doctrina de academicidad, a saber: (1) una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando la situación de hechos ha sido cambiada por el demandado, pero no tiene visos de permanencia; o (3) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. *Íd.*, pág. 281.

Conforme a lo anterior, cuando un Tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso si de los hechos o del derecho aplicable surge que las circunstancias han variado de tal forma, que no existe una controversia vigente entre partes adversas que amerite su intervención. *Moreno Orama v. UPR, supra*, pág. 973.

Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.,* 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

**III.**

Manor Contractors y Rotann Group nos solicitan que revisemos la notificación de adjudicación emitida el 3 de abril de 2025, por la Junta de Subastas, con relación a la Subasta Núm. 24-25-37. Sin embargo, posterior a la presentación de los recursos **KLRA202500215** y **KLRA202500219**, el 28 de abril de 2025, la Junta de Subastas, con la intención de corregir los errores señalados por las partes recurrentes, emitió una segunda notificación de adjudicación. La nueva notificación tuvo el efecto de revocar y dejar sin efecto la notificación dictada el 3 de

abril de 2025, y de la cual recurren las partes en los recursos **KLRA202500215** y **KLRA202500219**.

En virtud de que la determinación recurrida en los recursos antes mencionados fue revocada por la Junta de Subastas, su revisión se tornó académica. De tal modo que, esta Curia carece de jurisdicción para atender los referidos recursos en sus méritos.[2]

**IV.**

Por los fundamentos que anteceden, se *desestiman* los recursos **KLRA202500215** y **KLRA202500219**, por falta de jurisdicción, por académicos. Así dispuesto, se deja sin efecto la consolidación del recurso clasificado alfanuméricamente como **KLRA202500265**, para disposición una vez perfeccionado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Le recordamos a las partes que aún quedan pendientes por adjudicar los errores señalados por Manor Contractors en el recurso **KLRA202500265**, relacionados a la notificación de adjudicación emitida el 28 de abril de 2025, por la Junta de Subastas.